UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORACHIOUS ONIEL GALLOWAY, individually, and on behalf of all others similarly situated, | Civil Action No. 1-20-cv-2325 |
| Plaintiffs, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| ALVIN K. WRAY, LLC.,  D/B/A WRAY'S CARIBBEAN AND SEAFOOD CUISINE, ALVIN WRAY, JOHN DOE 1-5 | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiffs, Orachious Oniel Galloway, on behalf of themselves and all others similarly situated, by their attorneys, HAMRA LAW GROUP, PC., respectfully allege upon knowledge as to themselves and upon information and belief as to all other matters, the following:

## NATURE OF THE ACTION

1.     Plaintiff is a former worker employed by the Defendants as Porter a/k/a Maintenance  Person, grill man, and cook, to work at Defendants' Caribbean and Seafood Restaurant known as "Wray's Caribbean and Seafood Cuisine"(hereinafter referred to as "Wray's"), in Brooklyn, New York.

2.     Plaintiffs bring this action on behalf of himself and a class of similarly situated current and former employees, to seek redress for systematic and class-wide failure by Defendants to provide minimum wage, overtime wages, spread of hour wages and failure to provide proper statements with each payment of wages.

3.     Defendants' unlawful practices, in violation of the provisions of the Federal Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), include, but are not limited to:

1

Defendants' failure to pay Plaintiffs and all others similarly situated the applicable minimum wage; failure to compensate Plaintiffs and all others similarly situated for wages due for overtime work at not less than one and one-half (1 ½) times the regular hourly rate for all hours worked in excess of forty (40) hours per week in a workweek; failure to pay an additional hour's pay at the basic minimum hourly wage rate for everyday Plaintiffs and all others similarly situated worked a spread of hours that exceeded ten (10) hours; and failure to provide proper statements with each payment of wages as required by the NYLL.

## PARTIES

4.     During all relevant time periods, Plaintiff Orachious Oniel Galloway was and still is a resident of the County of Bronx, State of New York.

5.     Plaintiffs are covered employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Laws § 160 *et seq.* ("NYLL").

6.     At all relevant times, Defendant Alvin Wray was and still is a resident of the State of New York.

7.     At all relevant times, Defendant Alvin Wray was and still is the owner and/or operator of the restaurant commonly known and referred to Wray's.

8.     At all relevant times, Alvin K. Wray, LLC. was and still is a domestic Limited Liability Company organized and existing by virtue of the laws of the State of New York.

9.     At all relevant times, Alvin K. Wray, LLC. maintained its principal place of business located at 503 Myrtle Avenue, Brooklyn, New York 11205.

10.     At all relevant times, Alvin K. Wray, LLC. was and still is operating as and/or doing business as "Wray's Caribbean and Seafood Cuisine".

11.     At all relevant times, Defendants John Doe(s) 1-5 was and still is a resident of the

2

State of New York.

12.     At all relevant times, Defendants John Doe(s) 1-5 was and still is the owner and/or operator of the restaurant commonly known and referred to Wray's.

13.     Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

15.     This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

16.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, collective and class members, within this judicial district.

## PLAINTIFFS' FACTUAL ALLEGATIONS

17.     At all relevant times, the Plaintiff was hired and employed at theWray's in the County of Kings, State of New York.

18.     Plaintiff was employed by Defendants, at the Wray's, from approximately March 10, 2019 until his termination on November 9, 2019.

19.     Plaintiff's duties as a porter, grill man, and cook, included without limitation, the following: cleaning and maintaining the restaurant, Grilling food and cooking food.

20.     At all relevant times, Defendant Alivin Wray was and still is the owner and/or operator of Wray's and was and still is the responsible authority in charge of hiring and firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers for misconduct; promulgating and enforcing rules and regulations; and determining the terms and conditions of employment for the Plaintiff and employees at Wray's.

21.     At all relevant times, Defendant John Doe 1 was and still is the owner and/or operator of Wray's and was and still is the responsible authority in charge of hiring and firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers for misconduct; promulgating and enforcing rules and regulations; and determining the terms and conditions of employment for the Plaintiff and employees at Wray's.

22.     At all relevant times, Defendant John Doe 2 was and still is the owner and/or operator of Wray's and was and still is the responsible authority in charge of hiring and firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers for misconduct; promulgating and enforcing rules and regulations; and determining the terms and conditions of employment for the Plaintiff and employees at Wray's.

23.     At all relevant times, Defendant John Doe 3 was and still is the owner and/or operator of Wray's and was and still is the responsible authority in charge of hiring and firing;

4

training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers for misconduct; promulgating and enforcing rules and regulations; and determining the terms and conditions of employment for the Plaintiff and employees at Wray's.

24.     At all relevant times, Defendant John Doe 4 was and still is the owner and/or operator of Wray's and was and still is the responsible authority in charge of hiring and firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers for misconduct; promulgating and enforcing rules and regulations; and determining the terms and conditions of employment for the Plaintiff and employees at Wray's.

25.     At all relevant times, Defendant John Doe 5 was and still is the owner and/or operator of Wray's and was and still is the responsible authority in charge of hiring and firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers for misconduct; promulgating and enforcing rules and regulations; and determining the terms and conditions of employment for the Plaintiff and employees at Wray's.

26.     Defendant Alvin Wray exercised sufficient control over Wray's day to day operations as to be considered employer of Plaintiff under the FLSA and New York Labor Law.

27.     The Corporate Defendant, Wray's, has an annual gross volume of sales in excess of $500,000.

28.    At all relevant times, each of the Defendants maintained control, oversight and authority over the Plaintiffs in their employment at Wray's.

29.    Plaintiff, Orachious O'Neil Galloway, has been employed by Defendants as a Porter, grill man, and cook, located at 503 Myrtle Avenue, Brooklyn, New York 11205, from in or about March 10, 2019 until November 9, 2019, at the time of his firing.

30.     From in or about March 10, 2019 until November 9, 2019, for each and every week of said period, Plaintiff worked 2:00pm-1:30am., Monday through Friday, and from 9:00am-10pm on Saturday and Sunday, for Eighty One (81) hours per week, and was paid a flat weekly salary of $400.00 per week.

31.    At all relevant times, Plaintiffs were paid in cash off the books.

32.    At all relevant times, Plaintiffs' hours worked were not accurately recorded by the Defendants, at times Defendant would instruct Plaintiff to clock out and then have him perform additional work related activities.

33.    Plaintiff complained numerous times, about his pay, and other conditions that Defendant was subjecting him to.

34.    Plaintiff further complained about being told to clock out, and then being instructed to do more work that was not recorded.

35.    Plaintiff continuous complaints were dismissed by Defendants, and not truly addresses.

36.    The Plaintiff continued complaining about not being paid properly.

37.    On November 7, 2019, the Plaintiff complained again about not being paid properly and then requested that he should be put on the Books so that the Corporate Defendant can issue a W2 for him.

6

38.     Two days after launching his final complaint and requesting to be put on the books and be issued a W2, Defendants retaliated against Plaintiff and terminated him.

39.     The work performed by Plaintiff was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

40.     During the relevant time period, Defendants employed at least 12 employees at Wray's.

41.     Plaintiff was entitled to be paid at least an amount equal to the NYC minimum wage for the first forty (40) hours of his employment.

42.     During the relevant time period Plaintiff was paid an amount that was less than the minimum wage for the first forty (40) hours he worked.

43.     Upon information and belief, Defendants regularly failed to pay their employees, an amount equal to at least minimum wage, for the first forty (40) hours of work.

44.     Plaintiff was entitled to be paid at least one and one-half of their respective regular rates of pay for each hour in excess of forty (40) hours that they worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

45.     During the relevant time periods, the Plaintiff worked in excess of forty (40) hours per workweek and were entitled to receive overtime wages.

46.     During the relevant time periods, Plaintiff was not paid one and one-half times his regular hourly work rate for any hours that he worked in excess of 40 per workweek, in violation of the FLSA and NYLL.

47.     Upon information and belief, Defendants regularly fail to pay their employees one and one-half times their regular hourly work rate for any hours that they work in excess of 40 per

workweek.

48.     Plaintiff was entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that he worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours ("spread of hour wages"), pursuant to NYLL §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4.

49.     During the relevant time periods, the Plaintiff worked shifts in excess of ten (10) hours per day and was entitled to receive spread of hours wages.

50.     During the relevant time periods, Plaintiff was not paid an additional hour's pay at the basic minimum hourly wage rate for every day that he worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, in violation of the NYLL and NYCRR.

51.     Upon information and belief, Defendants regularly fail to pay their employees an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours.

52.     At all relevant times, each of the Plaintiff was entitled to be paid all of his or her wages.

53.     At all relevant times, each of the Plaintiffs was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions.

## COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiffs bring this action on behalf of themselves and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

55.     Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

56.     Plaintiffs brings the FLSA claims on behalf of themselves and others similarly situated, namely employees of Defendants who worked as Porters, Cooks, and/or Grill persons at Wray's, from the period of March 2014 to the date of final judgment in this matter, and who were not paid overtime wages for hours worked in excess of forty (40) hours per week and who do not opt out of this action (hereinafter referred to as the "Employee Collective").

57.     Upon information and belief, the employee Collective consists of approximately twenty five (25) similarly situated individuals who have not been paid overtime wages and/or the federal minimum wage and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

58.     Defendants have failed to pay overtime to employees other than those in the employee Collective, and Plaintiffs reserve the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

59.     Defendants have failed to pay the federal minimum wage to employees other than those in the employee Collective, and Plaintiffs reserve the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

60.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and others similarly situated.

61.     Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

62.     Plaintiffs brings their state law claims on behalf of themselves and other similarly

situated as a representative of a class of all non-exempt laborers employed by Defendants within the six years prior to the filing of this complaint.

63.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the state law claims, Plaintiffs seek the certification of a class of all persons who, during the relevant time period of March 2014 to the date of final judgment in this matter, have been employed by Defendants as Porters, Cooks, and/or Grill people at Wray's; were not paid minimum wage, worked overtime as defined by the NYLL; worked shifts in excess of ten (10) hours; were not provided wage payment statements; were not provided with notices of pay rate upon the commencement of their employment since 2014 and annually since 2014 pursuant to the Wage Theft Prevention Act ("WTPA Notices"); and were not paid all of their wages (hereinafter referred to as the "Employee Class").

64.     Upon information and belief, the Employee Class includes over Twenty Five (25) similarly situated individuals who have not been paid minimum wage, overtime wages, spread of hours wages, who have had wages unlawfully deducted, who have not received wage payment statements or WTPA Notices, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

65.     The class is so numerous as to make it impracticable to join all members of the class as Plaintiffs.

66.     There are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the wage laws of the State of New York.

67.     Common questions of law and fact include, but are not limited to, the following:

A. Whether Defendants have consistently failed to pay Plaintiffs and class members the applicable minimum wage as required by the NYLL;

B. Whether Defendants have consistently failed to pay Plaintiffs and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

C. Whether Defendants failed to provide accurate pay stubs to Plaintiffs and other class members during the class period;

D. Whether Defendants have failed to provide WTPA Notices to their employees as required by New York Law.

E. Whether Defendants have consistently deducted wages for personal profit in violation of the NYLL;

F. Whether Defendants have, in failing to make required payments to Plaintiffs and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

G. Whether Defendants have consistently failed to provide wage payment statements as required by New York Law.

68.     Plaintiffs' overtime, minimum wage, spread of hours and Wage Theft Prevention Act claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of and against all class members.

69.     Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class.

Plaintiffs are similarly situated with, and have suffered similar injuries as, the members of the class they seek to represent.

70.     Plaintiffs have retained counsel capable of handling class action suits. Neither Plaintiffs nor their counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

71.     Pursuant to F.R.C.P. 23(b)(1), class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

72.     Pursuant to F.R.C.P. 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLASS AND COLLECTIVE-WIDE FACTUAL ALLEGATIONS

73.     Plaintiff and members of the Employee Class and Employee Collective defined above (collectively, "Employee Group") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and NYLL by denying them pay, including without limitation, minimum wage, overtime wages, spread of hours wages and the full amount of wages to which they are entitled.

74.     As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the Employee Group by violating the FLSA and/or the NYLL.

75.     Defendants have substantially benefitted and profited from the work that Plaintiff and Employee Group have performed.

76.     Defendants failed to keep any accurate records of the hours worked by the Plaintiff and the Employee Group.

77.     Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

78.     Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

79.     Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiff and the Employee Group.

### AS AND FOR THE FIRST CAUSE OF ACTION
(*Minimum Wage under the NYLL*)

80.     Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

81.     At all relevant times, Plaintiff and the Employee Class were employees and Defendants have been employers within the meaning of NYLL §§ 190, 651 and 652.

82.     At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

83.     Subject to the statutory time limits, Defendants were required to pay Plaintiff and the Employee Class at least a minimum wage rate of (a) $8.75 per hour for all hours worked from March, 01, 2014 until December 2014; (b) $9 per hour for all hours worked from January, 01, 2015 until December 2015; (c) $10.50 per hour for all hours worked from January, 01, 2016 until December 2016; (d) $11 per hour for all hours worked from January, 01, 2017 until December

2017; (e) $13 per hour for all hours worked from January, 01, 2018 until December 2018; and (f) $15 per hour from January 1, 2019 through present, pursuant to NYLL § 652.

84.     Defendants have engaged in a pattern, practice, policy and/or common scheme of failing to pay Plaintiff and the employee Class the applicable minimum wage for any of the hours they required Plaintiffs and theemployee Class to work.

85.     Defendants have violated NYLL § 652 by failing to compensate Plaintiff and the Employee Class the applicable minimum hourly wage.

86.     As a result of Defendants' violations of the law and failure to pay Plaintiff and Employee Class the required minimum wage, Plaintiff and the Employee Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

87.     Defendants willfully, knowingly and intentionally have failed, and continue to fail to compensate Plaintiff and Employee Class the required minimum wage.

88.     Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff and the Employee Class.

89.     Due to Defendants' intentional and willful failure to pay Plaintiff and Employee Class the applicable minimum wage, Plaintiff and the Employee Class are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

### AS AND FOR THE SECOND CAUSE OF ACTION
*(Overtime under the FLSA)*

90.     Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

14

91.    At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

92.    Defendants expected Plaintiff and Employee Collective to work more than forty (40) hours a week, and Plaintiff and the Employee Collective regularly worked more than forty (40) hours a week throughout their employment.

93.    At no time have the Defendants paid Plaintiff and the Employee Collective a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

94.    Defendants willfully, knowingly and intentionally did not, and continue not to, compensate Plaintiff and the Employee Collective for overtime at a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

95.    As a result of Defendants' violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff and Employee Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

96.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and Employee Collective was in compliance with the law, Plaintiff and the Employee Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

97.    Members of the Employee Collective are entitled to collectively participate in this action by choosing to "opt-in" and submit written Consents to Join this action pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE THIRD CAUSE OF ACTION

15

*(Overtime under the NYLL)*

98.     Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

99.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

100.     Pursuant to NYLL § 650 *et seq*. and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

101.     Defendants expected Plaintiff and the Employee Class to work more than forty (40) hours a week, and Plaintiff and the Employee Class regularly worked more than forty (40) hours a week throughout their employment.

102.     At no time have the Defendants paid Plaintiff and the Employee Class a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

103.     Defendants willfully, knowingly and intentionally have not, and continue not to, compensate Plaintiff and the Employee Class for overtime at a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

104.     As a result of Defendants' violations of the law and failures to pay Plaintiff and the Employee Class required regular and overtime wages, Plaintiff and the Employee Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

105.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the employee Class was in compliance with the law, Plaintiff and

the Employee Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(Spread of Hours under the NYLL)*

106.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

107.    At all relevant times, Plaintiff and the Employee Class were and still are required to work in excess of ten (10) hours in a workday.

108.    Plaintiff and the Employee Class were and still are entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, pursuant to the NYLL §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4.

109.    Defendants failed to pay Plaintiff and the Employee Class the spread of hour wages to which they were entitled under NYLL.

110.    Plaintiff and the Employee Class were and still are entitled to be paid all of their earned wages.

111.    Defendants' failure to pay Plaintiff and the Employee Class their lawfully due spread of hour wages was a willful violation of NYLL §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4.

112.    Pursuant to NYLL § 198, Plaintiff and the Employee Class are entitled to recovery of full payment of unpaid spread of hour wages, an additional amount equal thereto in liquidated damages, prejudgment interest, attorney's fees, and costs and disbursements of this action.

## AS AND FOR THE FIFTH CAUSE OF ACTION

*(Wage Theft Prevention Act Notification Under the NYLL § 195(3))*

113.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

114.    Defendants were obligated to provide Plaintiff and the Employee Class with Wage Theft Prevention Act notifications of pay rates beginning upon the commencement of their employment and annually.

115.    At all relevant times, Defendants failed to provide Plaintiff and the Employee Class with the Wage Theft Prevention Act notifications, as required by NYLL § 195(1).

116.    As Defendants failed to provide Plaintiff and the Employee Class with proper Wage Theft Prevention Act Notices, annually and upon the commencement of their employment from 2014 to the present as required by NYLL § 195, Plaintiffs are entitled to an amount to be determined at trial, pre-and post-judgment interest, costs, and attorney's fees, as provided for by N.Y. Lab. Law § 195, and § 198.

## AS AND FOR THE SIXTH CAUSE OF ACTION
*(Wage Payment Statements under the NYLL)*

117.    Plaintiff repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

118.    At all relevant times, Defendants failed to provide Plaintiff and the employee Class with the proper statements with every payment of wages, as required by NYLL § 195(1).

119.    As Defendants failed to provide Plaintiff and the Employee Class with proper statements with every payment of wages as required by NYLL § 195(1), Plaintiffs are entitled to

an amount to be determined at trial, pre-and post-judgment interest, costs, and attorney's fees, as provided for by N.Y. Lab. Law § 195, and § 198.

## **AS AND FOR THE SEVENTH CAUSE OF ACTION**
*(RETALIATION UNDER THE FAIR LABOR STANDARDS ACT)*

120.     Plaintiff repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

121.     Defendants retaliated against Plaintiff after he complained to Defendants regarding their underpayment of compensation for his overtime hours worked, and asked to be placed on the books so that he can be issued a W2. Defendant then terminated Plaintiff after he complained of Defendants' improper employment practices.

122.     Defendants' actions constitute a violation of Section 15(a)(3) of the FLSA. 29 U.S.C. 215 (a)(3).

123.     Plaintiff suffered mental distress and his employment was terminated as a result of the Defendants' retaliatory actions.

124.     Due to the Defendants' retaliation under the FLSA, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

## **AS AND FOR THE EIGHTH CAUSE OF ACTION**
*(RETALIATION UNDER THE NYLL)*

125.     Plaintiff repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

126.     Defendants retaliated against Plaintiff after he complained to Defendants regarding their underpayment of compensation for his overtime hours worked, and asked to be placed on the

19

books so that he can be issued a W2. Defendant then terminated Plaintiff after he complained of Defendants' improper employment practices.

127.    Plaintiff suffered mental distress and his employment was terminated as a result of the Defendants' retaliatory actions.

128.    Due to the Defendants' retaliation under the NYLL, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request, pursuant to FRCP 38(b), a jury trial on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself  and all other similarly situated persons, seek the following relief:

A. That, at the earliest time possible, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Employee Collective. Such notice shall inform the Employee Collective that this civil action has been filed, of the nature of the action, and of their right to join this action;

B. Certification of the Employee Class pursuant to Rule 23 of the Federal Rules of Civil Procedure; designation of Plaintiff as class representatives; designation of Plaintiff's counsel as class counsel; and a reasonable incentive payment to Plaintiff;

C. On the First Cause of Action on behalf of Plaintiffs and Employee Class Members against Defendants, for all wages due, an additional award of one hundred percent of all wages,

along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Second Cause of Action on behalf of Plaintiff and Employee Collective members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Third Cause of Action on behalf of Plaintiff and Employee Class members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F. On the Fourth Cause of Action on behalf of Plaintiff and Employee Class Members against Defendants, for all spread of hours wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G. On the FIFTH Cause of Action on behalf of Plaintiff and Employee Members against Defendants for failing to provide WTPA Notices, Damages and liquidated damages in the amount to be determined by this Court, along with all reasonable attorney fees and cost in an amount to be determined by this Court but greater than the jurisdictional minimum;

H. On the SIXTH Cause of Action on behalf of Plaintiffs and Pizza Makers Members against Defendants for failing to provide proper statements with every payment of wages, Damages and liquidated damages in the amount to be determined by this Court, along with all

reasonable attorney fees and cost in an amount to be determined by this Court but greater than the jurisdictional minimum;

I.  An award of compensatory and punitive damages and all other penalties the Court deems appropriate as a result of Defendants' willful retaliatory conduct under the FLSA and NYLL.

J.  Interest;

K.  Costs and disbursements; and

L.  Such other and further relief as is just and proper.

Dated: New York, New York
      May 22, 2020                            Respectfully submitted,

                                  By: ___/s/___    Abraham Hamra_____
                                  Abraham Hamra, Esq.
                                  Hamra Law Group
                                  Attorneys for Plaintiff
                                  32 Broadway, Suite 1818
                                  New York, NY 10004
                                  (646) 590-0571

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR
SERVICES RENDERED**

To:      ALVIN WRAY AND ALL OTHER SHAREHOLDERS

PLEASE TAKE NOTICE that pursuant to the provisions of Section 630 of the Business

Corporation Law of New York, you are hereby notified that ORACHIOUS ONIEL GALLOWAY,

on behalf of himself and all others similarly situated,  intends to charge you and hold you

personally liable, jointly and severally, as one of the ten largest shareholders of ALVIN K. WRAY,

LLC d/b/a Wray's Caribbean and Seafood Cuisine for all debts, wages and/or salaries due and

owing to them as employees, laborers and/or servants of the said corporation for services

performed by them for said corporation within the six years (6) preceding the date of this notice

and have expressly authorized the undersigned, as their attorneys, to make this demand on their

behalf.

Dated: New York, New York
       February 10, 2020

                                  /s/ AH_____
                                  Abraham Hamra, Esq.
                                  Hamra Law Group, PC.
                                  Attorneys for Plaintiff
                                  32 Broadway, Suite 1818
                                  New York, New York 10004
                                  (646) 590-0571